**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 98-4171

WALLACE POWELL,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-96-780)

Submitted: September 30, 1998

Decided: October 22, 1998

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Janis Richardson Hall, Greenville, South Carolina, for Appellant. E.
Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wallace Powell appeals his conviction and sentence for his role in a conspiracy to possess with intent to distribute crack cocaine. See 21 U.S.C. § 841(a)(1) (1994). Powell noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed whether the district court imposed a sentence that was "too severe." The time for filing a supplemental brief has passed and Powell has not responded despite being advised of his right to do so. Because we find this assignment of error to be without merit and can discern no other error in the record on appeal, we affirm Powell's conviction and sentence.

Powell objects to his 188-month sentence. He contends that it was too severe and inherently unjust in light of his relatively minor role in a large conspiracy. Powell claims no error in the application of the Guidelines and we find none. The district court correctly ascertained that Powell's total offense level was 34, his criminal history category of III, and that resulted in a sentencing range of 188-235 months. Congress provided that the Guidelines sentence shall be imposed by the district court unless the court finds that the Sentencing Commission failed to adequately take into consideration a relevant sentencing factor. See 18 U.S.C. § 3553(b). Because Powell's sentence is within the applicable guideline range and the statutory maximum penalty for his crime, this court lacks authority to review his sentence. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. We dis-

pense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. Wallace's pro se motion for the appointment of replacement counsel is denied.

AFFIRMED